UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JOSEPH GIGLIOTTI,

Plaintiff,

v.

UNKNOWN NEBEL,

Defendant.

Case No. 2:26-cv-82

Honorable Jane M. Beckering

**OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. In a separate Order, the Court granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible, *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

**Discussion**

## I. Factual Allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Gus Harrison Correctional Facility (ARF) in Adrian, Lenawee County, Michigan. (Notice

of Address Change, ECF No. 5, PageID.14.) The events about which he complains occurred at the Marquette Branch Prison (MBP) in Marquette, Marquette County, Michigan. Plaintiff sues MBP Counselor Unknown Nebel. (Compl., ECF No. 1, PageID.2.)

In Plaintiff's complaint, he alleges that on or about April 11, 2024, Defendant Nebel "lied stating she came to [Plaintiff's] cell and asked [Plaintiff] to attend [his] class I hearing[]." (*Id.*, PageID.3.) Plaintiff asserts that Defendant Nebel never asked him if he wanted to attend his misconduct hearing. (*Id.*) Plaintiff states that "[Defendant] Nebel lied and told the judge [Plaintiff] didn't want to attend when [he] did want to attend." (*Id.*) By not asking Plaintiff if he wanted to attend the hearing, Plaintiff asserts that Defendant Nebel interfered with Plaintiff's ability to defend himself, which caused him to be found guilty at the hearing and given "months" of lost privileges. (*Id.*) Plaintiff states that he filed a grievance regarding this incident. (*Id.*) Plaintiff asserts the "grievance was late" and that he appealed to step III. (*Id.*) Plaintiff further claims that "staff held up [his] ability to grieve and slowed the process down and tried to retaliate for [his] grievances." (*Id.*)

Based on the foregoing allegations, Plaintiff avers that Defendant violated Plaintiff's Fourteenth Amendment due process rights.[1] The Court also construes Plaintiff's complaint to raise a First Amendment retaliation claim. As relief, Plaintiff seeks compensatory and punitive damages. (*Id.*, PageID.4.)

---

[1] Although Plaintiff states that he raises a due process claim under the Fifth and Fourteenth Amendments, this Court treats this claim as brought only under the Fourteenth Amendment because Plaintiff is a state prisoner. *See, e.g.*, *Scott v. Clay Cnty.*, 205 F.3d 867, 873 n.8 (6th Cir. 2000) (noting that "[t]he Fourteenth Amendment's Due Process Clause restricts the activities of the states and their instrumentalities; whereas the Fifth Amendment's Due Process Clause circumscribes only the actions of the federal government"). Moreover, to the extent that Plaintiff intended to bring a Fifth Amendment claim against Defendant Nebel, a state prison official, he would fail to state such a claim. *See id.*

**II. Failure to State a Claim**

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). A court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly*/*Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to

identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

**A. Fourteenth Amendment Due Process Claim**

Plaintiff asserts that Defendant Nebel violated his right to due process because Nebel lied about Plaintiff not wanting to attend his misconduct hearing and then Plaintiff was found guilty of the misconduct charge at the hearing. (Compl., ECF No. 1, PageID.3.)

"The Fourteenth Amendment protects an individual from deprivation of life, liberty or property, without due process of law." *Bazzetta v. McGinnis*, 430 F.3d 795, 801 (6th Cir. 2005). To state a Fourteenth Amendment procedural due process claim, a plaintiff must show that one of these interests is at stake. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). Analysis of a procedural due process claim involves two steps: "[T]he first asks whether there exists a liberty or property interest which has been interfered with by the State; the second examines whether the procedures attendant upon that deprivation were constitutionally sufficient . . . ." *Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989) (citations omitted).

In *Sandin v. Conner*, the United States Supreme Court set forth the standard for determining when a state-created right creates a federally cognizable liberty interest protected by the Due Process Clause. 515 U.S. 472, 483–84 (1995). According to the Supreme Court, a prisoner is entitled to the protections of due process only when the sanction "will inevitably affect the duration of his [or her] sentence" or when a sanction imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* at 487, 484; *see also Jones v. Baker*, 155 F.3d 810, 812 (6th Cir. 1998); *Rimmer-Bey v. Brown*, 62 F.3d 789, 790–91 (6th Cir. 1995). In *Sandin*, the Court held that regardless of the mandatory language of the prison regulations, the inmate did not have a liberty interest because his placement in administrative segregation for thirty days did not constitute an atypical and significant hardship within the context

of his prison life. 515 U.S. at 486–87; *see also Mackey v. Dyke*, 111 F.3d 460, 463 (6th Cir. 1997). Without a protected liberty interest, a plaintiff cannot successfully claim that his due process rights were violated because "[p]rocess is not an end in itself." *Olim v. Wakinekona*, 461 U.S. 238, 250 (1983).

Here, Plaintiff was found guilty of a class I misconduct charge and received "months" of lost privileges as a sanction. (Compl., ECF No. 1, PageID.3.) Plaintiff neither states exactly how many months he lost privileges nor explains what the loss of privileges specifically entailed. (*See id.*) Regardless, as explained below, Plaintiff fails to state a violation of his right to due process.

As set forth above, to state a Fourteenth Amendment procedural due process claim, Plaintiff must show that the sanction he received as a result of the misconduct conviction "inevitably affect[ed] the duration of [Plaintiff's] sentence" or imposed an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 487, 484. However, the sanctions available in the MDOC disciplinary scheme do not affect the duration of an inmate's sentence, and generally, the MDOC's loss of privileges sanction does not constitute an "atypical and significant hardship," as contemplated by *Sandin*. *See, e.g.*, *Thomas v. Eby*, 481 F.3d 434, 439–40 (6th Cir. 2007) (discussing that the loss of disciplinary credits under the MDOC's disciplinary scheme does not affect the duration of a prisoner's sentence); *Bazzetta*, 430 F.3d at 803–05 (citing *Overton v. Bazzetta*, 539 U.S. 126, 134 (2003)) (concluding that a permanent, but reviewable, loss of visitation privileges did not "rise[] to the level of egregious conduct necessary to implicate the implicit guarantees of the Due Process Clause"); *Argue v. Hofmeyer*, 80 F. App'x 427, 429 (6th Cir. 2003) (finding that prisoners have no constitutional right to rehabilitation, education, or jobs). In short, Plaintiff fails to show that the loss of privileges he received as a sanction for the misconduct charge constituted an "atypical or significant hardship,"

and he fails to state any due process claims regarding his receipt of the unspecified misconduct charge. *See Sandin*, 515 U.S. at 484.

Accordingly, for the reasons set forth above, Plaintiff's Fourteenth Amendment due process claim is dismissed for failure to state a claim.

**B. First Amendment Retaliation Claim**

Plaintiff also asserts that unnamed "staff" at MBP tried to retaliate against him for filing grievances. (Compl., ECF No. 1, PageID.3.)

Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish three elements: (1) the plaintiff was engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id.* Moreover, a plaintiff must be able to show that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

It is well recognized that "retaliation" is easy to allege and that it can seldom be demonstrated by direct evidence. *See Harbin-Bey v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005); *Murphy v. Lane*, 833 F.2d 106, 108 (7th Cir. 1987). "[A]lleging merely the ultimate fact of retaliation is insufficient." *Murphy*, 833 F.2d at 108. "[C]onclusory allegations of retaliatory motive 'unsupported by material facts will not be sufficient to state . . . a claim under § 1983.'" *Harbin-Bey*, 420 F.3d at 580 (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538–39 (6th Cir. 1987)); *see also Murray v. Unknown Evert*, 84 F. App'x 553, 556 (6th Cir. 2003) (finding that, in complaints screened pursuant to 28 U.S.C. § 1915A, "[c]onclusory allegations of retaliatory

motive with no concrete and relevant particulars fail to raise a genuine issue of fact for trial" (internal quotation marks omitted)). Here, Plaintiff's retaliation claim is entirely conclusory.

As an initial matter, Plaintiff does not identify who tried to retaliate against him. (*See* Compl., ECF No. 1, PageID.3.) Therefore, Plaintiff necessarily fails to state a retaliation claim against Defendant Nebel because Plaintiff does not allege that Nebel retaliated against him.

Plaintiff only alleges that "staff held up [his] ability to grieve and slowed the process down and tried to retaliate for [his] grievances." (*Id.*) However, this claim involves unidentified MBP staff that are not named as Defendants. FED. R. CIV. P. 10(a). And to the extent that Plaintiff intended to name "staff" as Defendants, any "[s]ummary reference to a single, five-headed 'Defendants' [or 'staff'] does not support a reasonable inference that each Defendant is liable . . . ." *Boxill v. O'Grady*, 935 F.3d 510, 518 (6th Cir. 2019) (citing *Heyne v. Metro. Nashville Pub. Sch.*, 655 F.3d 556, 564 (6th Cir. 2011)). Under § 1983, the alleged deprivation of a right must be caused by a person acting under color of state law. *Robertson v. Lucas*, 753 F.3d 606, 614 (6th Cir. 2014). The United States Court of Appeals for the Sixth Circuit "has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what *each* defendant did to violate the asserted constitutional right." *Heyne*, 655 F.3d at 564 (citation omitted); *see also Iqbal*, 556 U.S. at 676. Thus, the reference to MBP staff in Plaintiff's complaint does not support a reasonable inference that each person working for that entity violated Plaintiff's constitutional rights. *See Boxill*, 935 F.3d at 518.

Moreover, Plaintiff only alleges the ultimate fact of retaliation and does not support his conclusion with facts. *See Murphy*, 833 F.2d at 108; *Harbin-Bey,* 420 F.3d at 580.

Accordingly, for these reasons, Plaintiff's First Amendment retaliation claim is properly dismissed for failure to state a claim.

**Conclusion**

Having conducted the review required by the PLRA, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons the Court concludes that Plaintiff's claims are properly dismissed, the Court also concludes that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court certifies that an appeal would not be taken in good faith.

A Judgment consistent with this Opinion will be entered.

Dated: September 28, 2026

/s/ Jane M. Beckering
Jane M. Beckering
United States District Judge